**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@toddflaw.com
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Telephone: (323) 306-4234
**[Other Counsel on Signature Page]**

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER LACCINOLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Christopher Laccinole ("Plaintiff"), by counsel, hereby files his Class Action Complaint against Defendant Trans Union LLC ("Trans Union") as follows:

## INTRODUCTION

1. This is an action for statutory damages, punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA").

2. Plaintiff is an individual and resides in Willis, Texas. The three national consumer reporting agencies – Equifax, Defendant Trans Union, and Experian ("CRAs") – all maintain credit files and issue consumer reports concerning Plaintiff. The information contained in Plaintiff's credit files and consumer reports is private.

3. Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA. Defendant is a consumer reporting agency and obligated to comply with the FCRA.

4. As set forth below, Defendant furnished Plaintiff's consumer report, and, upon information and belief, the consumer reports of other consumers similarly situated ("Permissible Purpose Class" as defined in Paragraph 53 below) to a company and/or person purporting to be "Varro Leon."[1] Defendant provided

[1] "Varro Leon" is a DBA of Wayne M. Lopez, a real estate broker in California with License ID 01977225. According to the State of California Department of Real Estate, Mr. Lopez has been using the DBA "Varro Leon" since September 12, 2016. *See*

the consumer reports to Varro Leon in response to Varro Leon's requests for such reports, despite the fact that Varro Leon lacked a permissible purpose under the FCRA (the "Impermissible Inquiry" or "Impermissible Inquiries") to obtain and use such reports.

5. Upon information and belief, Defendant entered into a "Master Agreement for Consumer Reporting and Ancillary Services" ("Agreement") on or about March 17, 2023 under which Defendant provided the subject consumer reports to Varro Leon. The Agreement was signed by an individual named Michael Hernandez ("Hernandez") on behalf of Varro Leon. At the time Hernandez signed the Agreement, he was not an officer, director and/or authorized representative of Varro Leon and did not have permission to sign the Agreement on its behalf. Defendant failed to properly vet Hernandez and Varro Leon before it sold consumer reports to them.

6. Plaintiff and, upon information and belief, the members of the Permissible Purpose Class had not applied for credit with Varro Leon at the time Defendant provided their consumer reports to Varro Leon and were never sent any

---

https://www2.dre.ca.gov/publicasp/pplinfo.asp?License_id=01977225 (last accessed Aug. 18, 2025).

firm offers of credit by Varro Leon. Varro Leon and/or Hernandez did not have a permissible purpose under the FCRA to obtain the consumer reports of Plaintiff and the Permissible Purpose Class.

7. As a result of Defendant's wrongful provision of Plaintiff's consumer report, and those of the Permissible Purpose Class, to "Varro Leon," Plaintiff, and the Permissible Purpose Class, have suffered an invasion of privacy. As described below, Defendant's provision of the consumer reports to Varro Leon and Hernandez was reckless. Defendant did not have a reasonable basis to believe that "Varro Leon" had a permissible purpose under the FCRA for obtaining the consumer reports.

8. Defendant also violated Section 1681i(a) of the FCRA in relation to Plaintiff and, upon information and belief, a second group of similarly situated consumers ("Failure to Reinvestigate Class" as defined in Paragraph 53 below) when it failed to reinvestigate his dispute of Defendant's provision of his consumer report to Varro Leon and the corresponding inquiry on his credit file as described in Paragraph 19 below. Upon information and belief, Defendant has similarly failed to reinvestigate such disputes made by the Failure to Reinvestigate Class.

9. Defendant also violated Section 1681g(a) of the FCRA in relation to Plaintiff and, upon information and belief, a third group of similarly situated

consumers ("Failure to Provide Address Class" as defined in Paragraph 53 below) when it failed to provide Plaintiff with the addresses of the companies that had requested and obtained his consumer reports for promotional purposes when Plaintiff requested the addresses.

10. Plaintiff, and the Classes, suffered concrete harm as a result of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

11. This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(3) and (c)(4).

12. At all times material to this action, Plaintiff was a resident of Willis, Texas.

13. At all times material to this action, Defendant was a foreign limited liability company with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661. Defendant is registered to do business in California and does business in California and in this District and Division.

14. Defendant may be served with a copy of this Complaint and accompanying Summons by serving its registered agent, to wit: Corporation Service Company/Koy Saechao, 2710 Gateway Oaks Drive, Sacramento, CA 95833.

15. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

16. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

17. Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

18. Plaintiff lives in Willis, Texas.

19. On or about November 14, 2023, "Varro Leon" and/or Hernandez requested and obtained Plaintiff's consumer report from Trans Union. A copy of the relevant section of Plaintiff's Trans Union credit file reflecting the request made by Varro Leon is attached hereto as **Exhibit A**. Varro Leon and/or Hernandez requested and obtained Plaintiff's consumer report from Defendant for a so-called "promotional" offer of credit. Upon information and belief, Varro Leon and/or Hernandez obtained consumer reports from Defendant for the other members of the Permissible Purpose Class. In the alternative, Varro Leon and/or Hernandez obtained one or more prescreened lists from Defendant concerning Plaintiff and the Permissible Purpose Class. Under the FCRA, such prescreened lists constitute consumer reports.

20. At the time Defendant provided Plaintiff's consumer report, and the consumer reports of the Permissible Purpose Class, to Varro Leon and/or Hernandez, Plaintiff, and the Class: (a) had not applied for credit with Varro Leon nor initiated any credit or business transaction involving it; (b) had not applied for employment with Varro Leon; (c) had not applied for insurance with Varro Leon; (d) had not authorized Varro Leon to request and obtain their consumer reports for any reason; (e) did not have any open and/or closed accounts with Varro Leon; and (f) did not thereafter receive any firm offers of credit from Varro Leon.

21. Varro Leon and/or Hernandez did not have a permissible purpose under Section 1681b(a) of the FCRA to request and obtain Plaintiff's consumer report, and the consumer reports of the Permissible Purpose Class. Defendant did not have a reasonable basis to believe that Varro Leon and/or Hernandez had such a permissible purpose at the time it provided the subject reports to Varro Leon and/or Hernandez.

22. The Agreement under which Defendant provided Plaintiff's consumer report, and those of the Permissible Purpose Class, to Varro Leon and/or Hernandez listed Varro Leon's principal place of business as 14350 Birch St., San Leandro, California 94579 ("Birch Street"). Upon information and belief, at the time Defendant entered into the Agreement, Birch Street was a personal residence

and single-family house owned by an individual named Wayne Lopez ("Lopez") who did not sign the Agreement nor authorize it to be signed in his name.

23. Upon information and belief, Defendant never performed a site visit to Birch Street before it (i) entered into the Agreement with Varro Leon and/or (ii) sold Plaintiff's consumer report, and those of the Permissible Purpose Class, to Varro Leon.

24. Upon information and belief, Defendant never interviewed Wayne Lopez before it (i) entered into the Agreement with Varro Leon and/or (ii) sold Plaintiff's consumer report, and those of the Permissible Purpose Class, to Varro Leon.

25. Upon information and belief, Defendant's officer and employee, William Pancoast, signed the Agreement on behalf of Defendant.

26. Upon information and belief, an individual named "Michael Hernandez" signed the Agreement on behalf of "Varro Leon" and listed his title as "COO" [presumably Chief Operating Officer].

27. Michael Hernandez was not an employee, officer, director, agent, and/or representative of Varro Leon at the time Defendant entered into the Agreement. Wayne Lopez was a sole proprietor and used "Varro Leon" as his DBA at the time Defendant entered into the Agreement.

28. Upon information and belief, neither Mr. Pancoast nor Defendant undertook efforts to confirm that Mr. Hernandez was, in fact, the COO of Varro Leon and/or authorized to enter into the Agreement on its behalf, at the time it entered into the Agreement and thereafter provided Plaintiff's consumer report, and those of the Class, to Varro Leon and/or Mr. Hernandez. Upon information and belief, Defendant did not (i) require Varro Leon and/or Hernandez to provide a business license before selling consumer reports to them; (ii) require them to provide any business references; and/or (iii) require Hernandez to provide a photo ID.

29. Defendant violated the FCRA by providing Plaintiff's consumer report, and the consumer reports of the Permissible Purpose Class, to Varro Leon and/or Hernandez when they did not have a permissible purpose under the FCRA and when Defendant had no reasonable basis to believe they had such a permissible purpose.

30. Other consumers have taken to consumer review websites, such as www.yelp.com,[2] to complain about "Varro Leon's" illegal activity:

---

[2] https://www.yelp.com/biz/varro-leon-emeryville (last accessed Sept. 3, 2024).

**Bart K.**
Sandy, UT
0 1

May 20, 2024

This company pulled my credit report without prior authorization for promotional purposes. Not impressed by their approach and will certainty never recommend them to anyone.

**Diane C.**
Fairbanks, AK
0 2

May 30, 2024

This company pulled my credit report without prior authorization for promotional purposes. I have not had contact with this realtor in any way. I see that this company has pulled other peoples reports recently. I am concerned about this because I have an fraud alert on one of my bank card accounts and I was notified that my SS number is on the Dark Web. Is this where Varro Leon is getting the info to pull peoples' credit reports.
I would not do business with this company. Something not right about them.

**Billing P.**
San Francisco, CA
0 1

Jun 24, 2024

found this person on my credit reports. i have never had any dealings with this person, nor have i asked for any type of services from them. sounds rather sketchy to me.

**Charles O.**
Boulder City, NV
0 3

May 14, 2024

First to Review

Ran my credit for some reason Have never talked to these people, not sure why they did this. In fairness, it was a promotional inquiry but seems abusive since I never contacted this company

31. Defendant knew, or should have known, that Birch Street was a single-family residential home and that Hernandez was not the COO, nor even an employee, of Varro Leon, at the time it entered into the Agreement and thereafter sold Plaintiff's consumer report, and those of the Permissible Purpose Class, to "Varro Leon"/Hernandez.

32. Defendant knew, or should have known, of consumer complaints regarding Varro Leon pulling their consumer reports without a permissible purpose. Upon information and belief, Defendant does not maintain and preserve disputes that consumers make concerning the appearance of so-called promotional inquiries on their credit file. Defendant has the financial and other resources to maintain and preserve such disputes had it chosen to do so. Defendant intentionally chose not to maintain and preserve records of such disputes. As a result, Defendant does not even know how many consumers made such disputes.

33. Defendant's conduct violated the FCRA.

34. Plaintiff and the Permissible Purpose Class suffered an invasion of their privacy and concrete harm as a result of Defendant's violations. Defendant is aware that the unauthorized release of private information about consumers can cause them emotional distress.

## Consequences of a Data Breach

If your information is compromised in a data breach, the impact can affect different parts of your life:

**Financial**

Your financial information could be used for unauthorized purchases or to fraudulently obtain a loan, which can affect your credit.

**Reputational**

Some identity thieves may use your information to take over or spoof your online accounts like social media to post or complete transactions as you.

**Emotional**

Having your personal information exposed in a data breach is a violation of your privacy, which can be stressful and leave you feeling vulnerable, frustrated and angry.

See, https://www.transunion.com/data-breach-resources (last accessed 9/28/2025).

35. Plaintiff sent Defendant a letter dated August 5, 2024 ("First Dispute Letter") in which Plaintiff disputed the Varro Leon inquiry (and others) on his file maintained by Defendant. A copy of the First Dispute Letter is attached hereto as **Exhibit B**.

36. On August 9, 2024, Defendant received Plaintiff's First Dispute Letter.

37. Defendant did not reinvestigate the disputes included in Plaintiff's First Dispute Letter.

38. Upon information and belief, Defendant did not contact Varro Leon or any of the other companies listed in Plaintiff's First Dispute Letter in response to Plaintiff's First Dispute Letter.

39. Upon information and belief, Defendant did not take any steps to determine why Varro Leon or any of the other companies listed in Plaintiff's First Dispute Letter requested and obtained Plaintiff's consumer reports from Defendant.

40. In response to Plaintiff's First Dispute Letter, Defendant sent Plaintiff a letter dated August 13, 2024 ("Defendant's First Letter") – just four days after the date it received Plaintiff's First Dispute Letter – in which it provided its self-described "Explanation of the Inquiries on Your Credit Report" but did not reinvestigate the disputes in Plaintiff's First Dispute Letter. A copy of Defendant's First Letter is attached hereto as **Exhibit C**.

41. Defendant was required to reinvestigate the disputes in Plaintiff's First Dispute Letter pursuant to Section 1681i(a) of the FCRA.

42. Upon information and belief, Defendant routinely sends consumers its letter identical to, or substantially similar to, Defendant's First Letter attached as **Exhibit C** in response to letters it receives from consumers disputing the accuracy of promotional inquiries on their credit files.

43. When Defendant refused to investigate Plaintiff's First Dispute Letter, Plaintiff wrote to the various companies, including "Varro Leon" that had pulled his credit reports from Defendant without a permissible purpose. He used the addresses Defendant had provided for each. The letters Plaintiff sent to the address Defendant provided for Varro Leon, and several of the other companies, came back as undeliverable.

44. At that point, Plaintiff sent a second letter to Defendant ("Plaintiff's Second Dispute Letter") dated August 27, 2024 wherein he again advised Defendant that the inquiries listed were inaccurate and, further, explaining that he had written to each company that accessed his credit report at the addresses provided by Defendant and that the mail came back as undeliverable. Plaintiff asked Defendant to send him current and valid addresses for the companies. A copy of Plaintiff's Second Dispute Letter is attached hereto as **Exhibit D**. Defendant received Plaintiff's Second Dispute Letter on August 31, 2024.

45. In response to Plaintiff's Second Dispute Letter, Defendant neither (i) conducted a reinvestigation under Section 1681i(a) of the FCRA nor (ii) provided Plaintiff with the correct addresses of the companies in Plaintiff's Second Dispute Letter.

46. In response to Plaintiff's Second Dispute Letter, Defendant sent Plaintiff a letter dated September 4, 2024 ("Defendant's Second Letter") – four days after it received Plaintiff's Second Dispute Letter – wherein it stated, in part, that "[a]fter reviewing your dispute request, we found the information you disputed does not currently appear on your Trans Union credit report." A copy of Defendant's Second Letter is attached hereto as **Exhibit E**. This was demonstrably false as reflected in Defendant's credit file for Plaintiff dated September 12, 2024, a copy of which is attached hereto as **Exhibit F**, that shows the same inquiries disputed in Plaintiff's Second Dispute Letter.

47. Upon information and belief, Defendant routinely sends consumers its letter identical to, or substantially similar to, Defendant's Second Letter attached as **Exhibit E** in response to letters it receives from consumers disputing the accuracy of promotional inquiries on their credit files and/or asking for the addresses of the companies that made impermissible inquiries as reflected on their credit files maintained by Defendant.

48. Defendant was required to reinvestigate Plaintiff's disputes in Plaintiff's Second Dispute Letter pursuant to Section 1681i(a) of the FCRA.

49. Defendant was required to provide Plaintiff, upon his request, with the addresses of the companies listed in Plaintiff's Second Dispute Letter pursuant to Section 1681g(a) of the FCRA.

50. Defendant violated the FCRA by (i) failing to reinvestigate the disputes in Plaintiff's First Dispute Letter and Second Dispute Letter and (ii) failing to provide Plaintiff with the addresses of the companies listed in Plaintiff's Second Dispute Letter.

51. As a result of Defendant's violations of the FCRA, Plaintiff suffered concrete harm.

52. As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him and the Classes.

## **CLASS ALLEGATIONS**

53. Plaintiff brings this action, individually and on behalf of all similarly situated individuals, as members of the following classes:

PERMISSIBLE PURPOSE CLASS

> All consumers within the United States for whom Defendant provided a consumer report on such consumer to Varro Leon and/or Michael Hernandez within the two years prior to the filing of the Complaint through the conclusion of this case.

FAILURE TO REINVESTIGATE CLASS

> All consumers within the United States to whom Defendant sent a letter, within the two years prior to the filing of the Complaint through the conclusion of the case, identical to, or substantially similar to, Defendant's First Letter in response to a dispute made by the consumer concerning an inaccurate inquiry on their credit file maintained by Defendant.

FAILURE TO PROVIDE ADDRESS CLASS

> All consumers within the United States to whom Defendant sent a letter, within the two years prior to the filing of the Complaint through the conclusion of the case, identical to, or substantially similar to, Defendant's Second Letter in response to a request made by the consumer for the addresses of any third party to whom Defendant had provided a consumer report about them.

54. The Plaintiff is a member of these Classes. Specifically excluded from the Classes are the following: (1) Defendant and any entity in which it has a controlling interest, and the officers, directors, employees, affiliates, legal representative, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

55. The members of the Classes are so numerous that joinder is impracticable. Based upon information and belief, and the allegations above about

Defendant's provision of consumer reports or prescreening lists to Varro Leon and/or Mr. Hernandez without a permissible purpose, Defendant's actions have harmed many victims who have had their privacy invaded as a result of Defendant's violation of the FCRA. Based on information and belief, and the allegations above about Defendant's failure to (i) reinvestigate disputed promotional inquiries and (ii) provide addresses of users of consumer reports upon request, Defendant's actions have harmed many victims who have been deprived of reinvestigations and addresses required by the FCRA.

56. Common (identical) questions of law and fact predominate over any questions solely affecting individual Class members. Among such common questions of law and fact are the following:

A. Whether Defendant has systematically engaged in the long-term illegal practice of providing consumer credit reports to Varro Leon and/or Mr. Hernandez without a permissible purpose under the FCRA.

B. Whether Defendant knowingly and/or negligently provided the Class members' consumer credit reports to Varro Leon and/or Mr. Hernandez without a reason to believe that they had a permissible purpose for them under the FCRA.

C. Whether Defendant properly and reasonably vetted "Varro Leon" and/or Mr. Hernandez before selling consumer reports to them.

D. Whether Defendant has systemically refused to reinvestigate disputes concerning promotional inquiries on credit files.

E. Whether Defendant has systemically refused to provide the addresses of users of consumer reports upon request.

57. Plaintiff's individual claims are typical of the respective Class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought. The Class claims are, in fact, identical among each Class.

58. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation. These attorneys will vigorously prosecute the class claims.

59. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons, among others:

A. Given the small size of individual Class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $400), few, if any, Class

members could afford to, or would seek, legal redress individually for the wrongs Defendant has committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such individual actions in California are known to be pending as of the date of filing this Complaint.

B. When the liability of Defendant has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court. This conclusion follows from, among other facts, the fact that all class members assert identical claims under the FCRA and seek identical relief. Moreover, the Classes consist of a definite group of consumers over a finite period of time, making the efficient administration of claims post-certification and/or trial.

C. Based on these same facts, among others, the Class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate the claims as a class action in this forum. Otherwise, numerous consumers whom Defendant mistreated under the FCRA will go without legal remedy.

D. Without this class action, the Class members will continue to suffer harm, and Defendant's unlawful conduct will be unaccounted for while Defendant continues to reap benefits of its unlawful activity.

60. No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Indeed, those harmed by Defendant can be readily identified through business records, including the very prescreened consumer lists and/or consumer reports at issue. Similarly, the proposed Classes are objectively ascertainable by definite time, limited geography, and specific reference to records maintained by Defendant and the CRAs. Notice and claims administration can therefore be managed efficiently and accurately.

61. The prosecution of separate actions by or against individual members of the Classes would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Classes, which could establish incompatible standards of conduct for the party opposing the Classes; and/or (ii) adjudications with respect to individual members of the Classes that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Notice can be provided to members of the Classes by regular U.S. Mail, among other means that satisfy due process and practical concerns.

## **COUNT ONE:**

### Defendant's Willful Violations of the FCRA

62. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

63. Defendant willfully violated Section 1681b(a) the FCRA as to the Permissible Purpose Class by knowingly, or recklessly, providing Plaintiff's consumer report, and those of the Permissible Purpose Class, to Varro Leon and/or Mr. Hernandez without a reason to believe they had a permissible purpose for them as set forth in Section 1681b(a) of the FCRA. Defendant also failed to comply with Section 1681e(a) of the FCRA because it did not maintain reasonable procedures designed to avoid violations of Section 1681b(a) of the FCRA.

64. As a result of Defendant's willful violations of Section 1681b(a) of the FCRA, Plaintiff, and the Permissible Purpose Class, have been damaged as set forth above including invasion of their privacy.

65. Defendant willfully violated Section 1681i(a) of the FCRA as to the Failure to Reinvestigate Class by failing to reinvestigate Plaintiff's First Dispute Letter concerning inaccurate promotional inquiries on his credit file (and the corresponding access to his file by the companies reflected in the inquiries), and

such disputes by the Failure to Reinvestigate Class, because it did not reinvestigate such disputes at all.

66. Defendant willfully violated Section 1681g(a) of the FCRA as to the Failure to Provide Address Class by failing to provide Plaintiff with the addresses of the companies listed in Plaintiff's Second Letter because it did not provide the addresses upon request.

67. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Classes for damages as set forth above and, in an amount, to be determined by the jury.

68. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Classes for statutory and punitive damages as a result of its willful violations of the FCRA.

69. Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

**COUNT TWO:**

**Defendant's Negligent Violations of the FCRA**

70. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

71. In the alternative, Defendant negligently violated Section 1681b(a) of the FCRA as to the Permissible Purpose Class by negligently providing Plaintiff's consumer report, and those of the Class, to Varro Leon and/or Mr. Hernandez without a reason to believe they had a permissible purpose for them as set forth in Section 1681b(a) of the FCRA. Defendant failed to comply with Section 1681e(a) of the FCRA because it did not maintain reasonable procedures designed to avoid violations of Section 1681b of the FCRA.

72. As a result of Defendant's negligent violations of Section 1681b(a) of the FCRA, Plaintiff, and the Permissible Purpose Class, have been damaged as set forth above including invasion of their privacy.

73. Defendant negligently violated Section 1681i(a) of the FCRA as to the Failure to Reinvestigate Class by failing to reinvestigate Plaintiff's First Dispute Letter concerning inaccurate promotional inquiries on his credit file (and the corresponding access to his file by the companies reflected in the inquiries), and such disputes by the Failure to Reinvestigate Class, because it did not reinvestigate such disputes at all.

74. Defendant negligently violated Section 1681g(a) of the FCRA as to the Failure to Provide Address Class by failing to provide Plaintiff with the

addresses of the companies listed in Plaintiff's Second Letter because it did not provide the addresses upon request.

75. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff and the Classes for damages as set forth above and, in an amount, to be determined by the jury.

76. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff and the Classes for actual damages as a result of its negligent violations of the FCRA.

77. Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff and the Classes for his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that this Court:

a. Appoint Plaintiff's counsel as counsel for the Classes;

b. Appoint Plaintiff as representative for the Classes;

c. Certify the Classes;

d. Enter judgment in favor of Plaintiff and the Classes for statutory damages, punitive damages, actual damages, attorney's fees and costs; and,

e. Award such other relief to Plaintiff and the Classes as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: October 21, 2025.

Respectfully submitted,

By: **/s/ Todd M. Friedman**
Todd M. Friedman
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

John A. Love*
**Love Consumer Law**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
404.855.3600
tlove@loveconsumerlaw.com

*Attorneys for Plaintiff*

**Pro Hac Vice* Petition to be filed